# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY L. STIERWALT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-0479-CVE-JFJ |
| | ) |
| OSAGE COUNTY JAIL, | ) |
| TURN KEY MEDICAL SERVICES, | ) |
| ARCADIA MEDICAL SERVICES, | ) |
| and GIL E. DuPONT, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff Tony Stierwalt commenced this action on August 24, 2017, by filing a pro se complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). At that time, the plaintiff was incarcerated in the Osage County Jail, Pawhuska, Oklahoma. See Dkt. # 1. By Order filed September 5, 2017 (Dkt. # 3), the Court denied the plaintiff's motion to proceed in forma pauperis, identified several deficiencies in the plaintiff's complaint, advised the plaintiff that his complaint was subject to being dismissed for failure to state a claim, and afforded the plaintiff the opportunity to file (1) an amended complaint and (2) an amended motion to proceed in forma pauperis. On September 19, 2017, Plaintiff filed an amended complaint (Dkt. # 5) and an amended motion to proceed in forma pauperis (Dkt. # 6). The Court finds that the amended motion to proceed in forma pauperis shall be granted. However, the Court finds that the amended complaint fails to state a claim upon which relief may be granted, that permitting the plaintiff any further opportunity to amend would be futile, and that the amended complaint shall therefore be dismissed without prejudice.

**A.      Motion to proceed in forma pauperis**

After reviewing the plaintiff's amended motion to proceed in forma pauperis, the Court finds that the plaintiff is without sufficient funds to prepay the $350 filing fee required to commence this action. Accordingly, the Court authorizes the plaintiff to proceed without prepayment of the filing fee, and his motion to proceed in forma pauperis shall be granted. See 28 U.S.C. § 1915(a). While the record reflects that the plaintiff is no longer incarcerated, see Dkt. ## 7, 8, the plaintiff nonetheless remains obligated to pay the $350 filing fee when he is able. See Brown v. Eppler, 725 F.3d 1221, 1231 (10th Cir. 2013) ("[A]ll § 1915(a) does for any litigant is excuse the *pre*-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able." (quoting Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997))).

**B.      Amended complaint shall be dismissed**

    **1.      Screening/Dismissal standards**

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See id. §§ 1915A(b), 1915(e)(2)(B). The court applies the same dismissal standard under the PLRA as it uses in reviewing a FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Under this standard, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555, 570 (2007).  But "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the complaint should be dismissed.  Id. at 558.

Additionally, when a plaintiff appears pro se, the court must liberally construe the complaint.  Kay, 500 F.3d at 1218.  This means "that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nonetheless, a pro se plaintiff bears "the burden of alleging sufficient facts on which a recognized legal claim could be based."  Id.  And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### 2. **Amended complaint fails to state a claim upon which relief may be granted**

The plaintiff brings this action under § 1983.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law."  Schaffer v. Salt Lake City Corp., 814 F.3d 1151, 1155 (10th Cir. 2016).  Even with the benefit of liberal construction, the plaintiff's amended complaint fails to state a plausible § 1983 claim.

In its prior Order directing the plaintiff to file an amended complaint, this Court identified several deficiencies in the plaintiff's original complaint and provided specific guidance as to how the plaintiff could cure those deficiencies.  See Dkt. # 3.  First, the Court advised the plaintiff that he "must identify all the defendants in the caption of the amended complaint" and that those defendants "must be the same as those listed in the body of the amended complaint."  Id. at 3.  Next, the Court advised the plaintiff that he "must state specifically when and how each named defendant allegedly violated his constitutional rights."  Id.  The Court expressly advised the plaintiff that (1)

3

the Osage County Jail is not a proper defendant, (2) he failed to set forth sufficient facts supporting that defendant Gil DuPont personally participated in any alleged violations, and (3) he failed to set forth sufficient facts supporting the existence of a custom or policy followed by either Arcadia Medical Services or Turnkey Medical Services that could be causally linked to his alleged injuries. Id. at 4-5. Finally, the Court explained that the plaintiff's "amended complaint must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint." Id. at 4.

Despite the specificity of the Court's prior Order, the plaintiff's amended complaint suffers from many of the same deficiencies as the original complaint. For example, the plaintiff names three defendants in the caption of his amended complaint: Osage County Jail, Turnkey Medical Services, and Arcadia Medical Services. Dkt. # 5 at 1. But, in the body of his amended complaint the plaintiff identifies three Osage County Jail employees: Sheriff Eddie Virden, Captain Charlie Cartwright, and Lieutenant Gil DuPont. Id. at 2. The amended complaint therefore not only fails to comply with FED. R. CIV. P. 10(a), which requires the plaintiff to name all parties in the title of the complaint, but also fails to comply with this Court's instructions as to how to comply with that procedural rule. And, once again, the plaintiff names the Osage County Jail as a defendant despite the Court's advisement that the Jail is not a suable entity.

The amended complaint also fails to clearly identify the plaintiff's alleged civil rights violations and is nearly devoid of factual support for any violations. In describing the nature of his case, the plaintiff alleges that he is an insulin-dependent diabetic, that he has not been taken care of, that he receives the same diet as everyone else, that he does not receive adequate exercise or sunlight, and that someone (presumably one or more of the defendants) is "[c]onstantly running out

of test strips, syringes, lancets, etc." Id. at 2. In the space provided for identification of Count I, the plaintiff directs the Court to see his "original paperwork" and supporting facts and lists the above-named Osage County Jail Employees without making any effort to explain when or how any of the defendants personally participated in any alleged civil rights violations. Id. Likewise, in Count II, the plaintiff directs this court to his original complaint and states that there is "[n]o change" in his supporting facts. Id. at 2-3. Finally, in Count III, the plaintiff alleges that defendant Arcadia Medical Services ran out of syringes on September 12, 2017, and again refers the Court to his "original paperwork." Id. at 3. Thus, the plaintiff not only failed to correct the factual deficiencies that this Court identified in its prior Order, but also attempted to correct those deficiencies by impermissibly incorporating portions of his deficient original complaint in violation of LCvR. 9.2(c).

For these reasons, the Court finds that the amended complaint fails to state a claim upon which relief may be granted and that it would be futile to allow the plaintiff any further opportunity to amend. As a result, the amended complaint shall be dismissed without prejudice.

**C.     First "prior occasion" under 28 U.S.C. § 1915(g)**

The Court granted the plaintiff leave to proceed in forma pauperis. In addition, the Court has concluded that the plaintiff's amended complaint fails to state a claim upon which relief may be granted and should therefore be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1). This dismissal shall count as the plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

5

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The plaintiff's amended motion to proceed in forma pauperis (Dkt. # 6) is **granted**.

2. The amended complaint (Dkt. # 5) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

3. Plaintiff remains obligated to pay the full **$350** filing fee when he is able to do so.

4. The Clerk is directed to flag this dismissal as the plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

5. A separate Judgment shall be entered in this matter.

**DATED** this 15th day of February, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE